UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-CV-10738-RWZ

AP MA FUNDING LLC

v.

133 SALEM STREET, LLC and
REVERE HEALTH CENTER, LLC

ORDER

November 24, 2020

ZOBEL, S.D.J.

This case pertains to a skilled nursing facility that has been in receivership since June 27, 2018 and an order approving the sale of assets and disposition of proceeds (Docket # 68). Interested party Brach family moves to clarify the order. The first loan in this case was a 2015 note and mortgage on the property by AP MA Funding, LLC ("AP MA Funding") and another lender. The second is in fact a series of loans totaling $916,123.95 made in 2018 by movants, the Brach family, to facilitate continued operation of the facility while the family considered purchasing it. The third is a loan given in 2019 by lenders again represented by AP MA Funding. The receiver accorded this loan first priority repayment in the receivership. An order approving the motion for sale was entered on July 28, 2020. Docket # 68. It does not mention any priority for the Brach family, who now move to vacate and amend that order, claiming their loans were made under the agreement that all of AP MA Funding's loans would be subordinated to theirs.

1

Exhibits provided by the Brach family, however, clearly show that the agreement was only to subordinate the 2015 mortgage. According to the Brach family, they and Receiver did not sign any formal agreements regarding the 2018 loans, as the loans were made while the facility was scrambling to make payroll. But emails provided by movants reflect that the agreement was to subordinate Receiver's "existing lien." See Brach family's Mot'n for Clarification Ex. B, at 9, 11, 52, Docket # 73-1. At the time, only the Receiver's 2015 mortgage existed. Furthermore, in July 2020 movants filed a reservation of rights regarding the proposed sale order in which they state their loans were "senior to the existing mortgage held by Alliance Partners [AP MA Funding] and its affiliates," but do not mention the 2019 Receivership loans. Reservation of Rights Relating to Sale Proceeds ¶ 2, Docket # 66. As a result, movants are not entitled to subordinate the 2019 loan to theirs.

The sale order does not, however, reflect the clear agreement between the Brach family and receiver to subordinate the 2015 mortgage. In order to conclude this matter, on or about December 18, 2020, the parties shall submit suggested changes to the sale order to reflect any priority of the Brach family loans over the 2015 mortgage.

November 24, 2020
DATE

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE